James S. Brown, Jr., J.
Motion for an order to vacate that portion of an arbitrator’s award which awarded to an infant claimant the snm of $50. Although the moving affidavit states that the infant sustained head injuries and that medical bills of $75 were incurred for the infant, this does not establish a basis upon which this court may set aside this portion of the award as being unreasonable and inadequate. The court cannot evaluate the adequacy of the award without a record or account of the proceedings.
The movants further claim that the award does not bind the infant petitioner since the infant did not appear at the hearing, nor did the infant select the arbitrator. The movants further claim that although the guardian ad litem obtained permission of this court to try the question of liability only, that the infant still deserves the protection of the court once an award establishing liability is made and that section 1462 of the Civil Practice Act does apply to an infant.
This contention is without merit. The infant claimant had the right to elect to arbitrate or proceed by an action at law (Chernick v. Hartford Acc. & Ind. Co., 8 N Y 2d 756). The infant, by his guardian ad litem, selected the remedy and obtained the court’s permission to be a party to the arbitration pursuant to section 1448 of the Civil Practice Act and, therefore, is a party subject to subdivision 1 of section 1458 of the Civil Practice Act and is bound by section 1462 of the Civil Practice Act.
Accordingly, the motion is denied.